**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MARY BAYLESS,

       Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

       Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Mary Bayless is a natural person.

8. The Plaintiff resides in the City of Fowler, County of Otero, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant LVNV Funding, LLC, is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada 89119.

12. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18. Sometime before 2011 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Chase Bank USA N.A. (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Chase Bank USA N.A..

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s), representative(s) and/or agent(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s), representative(s) and/or agent(s).

26. Prior to 2011 the Defendant allegedly purchased the Account.

27. In 2011 the Defendant placed the Account for collection with Weltman, Weinberg & Reis Co., L.P.A., a collection law firm that operates as a collection agency with multiple call centers staffed by non attorney personnel operating from an address at 175 S. Third Street, Suite 900, Columbus, Ohio 43215.

28. The Defendant has derivative liability for the actions of its agent - Weltman, Weinberg & Reis Co., L.P.A..

29. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. made telephone call(s) to the Plaintiff and left voicemail message(s) for the Plaintiff.

30. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant

including Weltman, Weinberg & Reis Co., L.P.A. in response to the telephone call(s) and voicemail message(s).

31. The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

32. The telephone call(s) and voicemail message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

33. The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

34. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. made telephone call(s) to the Plaintiff was to attempt to collect the Account.

35. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

36. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. received telephone call(s) from the Plaintiff was to attempt to collect the Account.

37. In the year prior to the filing of the instant action the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. while attempting to collect the Account represented to the Plaintiff that the only way to get the Account off of the credit

bureau reports is to the pay the Account and that the Account will be reported to the credit bureaus until it is paid.

38. The Defendant's representations stated in paragraph 37 were false and were false representations in connection with the collection of a debt, the Account.

39. During the communication(s) the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. while attempting to collect the Account represented to the Plaintiff that her dispute of the Account had to be in writing and that to dispute the Account she had to provide proof that she did not owe the Account.

40. The Defendant's representations stated in paragraph 39 were false and were false representations in connection with the collection of a debt, the Account.

41. The Plaintiff and the Defendant's agent Weltman, Weinberg & Reis Co., L.P.A. had a telephone conversation regarding the Account on November 3, 2011.

42. Upon information and belief the Defendant's agent Weltman, Weinberg & Reis Co., L.P.A. made an audio recording and/or audio recording(s) of the telephone conversation it had with the Plaintiff regarding the Account on November 3, 2011.

43. Upon information and belief the Defendant's agent Weltman, Weinberg & Reis Co., L.P.A. has a copy and/or copies of the audio recording and/or audio recording(s) of the telephone conversation it had with the Plaintiff regarding the Account on November 3, 2011.

44. The telephone conversation between the Plaintiff and the Defendant's agent Weltman, Weinberg & Reis Co., L.P.A. regarding the Account on November 3,

2011 conveyed information regarding the Account directly or indirectly to the Plaintiff.

45. The telephone conversation between the Plaintiff and the Defendant's agent Weltman, Weinberg & Reis Co., L.P.A. regarding the Account on November 3, 2011 constituted a "communication" as defined by FDCPA § 1692a(2).

46. In 2011 the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant including Weltman, Weinberg & Reis Co., L.P.A. while attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the language required by 1692e(11).

47. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff on the Account in the year prior to the filing of the instant action.

48. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. kept written documentation and / or computer record(s) that document telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

49. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

50. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

51. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. has a copy or copies of the audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

52. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A. has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

53. Upon information and belief the Defendant and/or its agent Weltman, Weinberg & Reis Co., L.P.A.'s copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

54. The Defendant and its representative(s), employee(s) and / or agent(s) including Weltman, Weinberg & Reis Co., L.P.A. statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8), e(10) and e(11).

55. The Defendant and its representative(s), employee(s) and / or agent(s) including Weltman, Weinberg & Reis Co., L.P.A. statement(s) and action(s) constitute

unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

56. The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." <u>Ellis v. Cohen & Slamowitz, LLP</u>, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010). Also see <u>Doshay v. Global Credit and Collection Corporation</u>, ---F.Supp. ---, 2011 WL 2669164, page 4 (D.Colo. July 7, 2011) for the same holding.

57. As a consequence of the Defendant's and its agent Weltman, Weinberg & Reis Co., L.P.A.'s collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

58. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

59. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

60. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

61. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

62. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

63. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

64. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

65. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

66. Weltman, Weinberg & Reis Co., L.P.A. was an agent of the Defendant at all times mentioned herein.

67. Weltman, Weinberg & Reis Co., L.P.A. was acting within the course of its employment with the Defendant at all times mentioned herein.

68. Weltman, Weinberg & Reis Co., L.P.A. was acting within the scope of its employment with the Defendant at all times mentioned herein.

69. Weltman, Weinberg & Reis Co., L.P.A. was under the direct supervision of the Defendant at all times mentioned herein.

70. Weltman, Weinberg & Reis Co., L.P.A. was under the direct control of the Defendant at all times mentioned herein.

71. The actions of Weltman, Weinberg & Reis Co., L.P.A. are imputed to its employer, the Defendant.

72. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10), e(11) and § 1692f preface.

75. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff